In the Matter of COLONIAL SAND & STONE Co., INC., Appellant, *v.* WILLIAM JOHNSTON, JR., et al., Constituting the Board of Appeals of the Town of Bethlehem, Respondents.

Third Department, June 28, 1967.

*Kohn, Bookstein & Karp* (*Edward L. Bookstein* of counsel), for appellant.

*Schrade, Morris & Roche* (*Karl H. Schrade* of counsel), for respondents.

HERLIHY, J. P. The appellant planned to locate a "ready-mix" concrete plant at a site known as Cabbage Island in the Town of Bethlehem. During August of 1966 it filed an application with the Board of Appeals of the Town of Bethlehem for permission to construct its plant at that location. The location is within an area zoned for heavy industrial uses, but the zoning ordinance provides that certain businesses require a special permit and an initial determination was made by the Building Inspector Supervisor that appellant's business required such a permit.

The zoning ordinance provides, as applicable here, in article XVIII that the board may issue such permits " When in its judgment the public convenience and welfare shall be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured ".

While it would appear that the evidence adduced at both hearings suggested that " public convenience and welfare " would be " substantially served ", nevertheless the power of the courts to intervene in zoning cases is narrowly limited and the common-sense judgment of representative citizens of the community must and should prevail in the absence of clear illegality.

The board's reasons and conclusions were that there presently existed a sufficient number of ready-mix supply plants; that an air pollution problem would be created and the petitioner's motorized equipment would increase traffic congestion.

This is the first zoning appeal where the question of air pollution has been an issue and we would caution such boards to be chary of deciding such issue without some evidence of the attitude and conclusions of the " Air Pollution Control Board ". (See Public Health Law, § 1268 et seq.; 10 NYCRR 178.) It would indeed be unfortunate to have such State agency approve plans and specifications as to air pollution and then have a zoning board's denial fly in its face on the ground that such a condition exists.

In sum, as to the present matter, it appears that no one reason given by the board would be sufficient to sustain its determination, but considering the record as a whole, the board did not legally err in denying the permit.

The judgment should be affirmed.

REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur with HERLIHY, J. P.; AULISI, J., dissents and votes to reverse, in the following memorandum: I cannot agree with the majority for the reason that the petitioner's proof here is virtually uncontradicted. In light of the fact that the premises are located in a heavy industrial district, the denial of the special permit was, in my view, arbitrary and capricious.

Judgment affirmed, without costs.